

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Howard Traweek
County Attorney
Motley County
Matador, Texas

Dear Sir:

Opinion No. 0-5602

ATTENTION: Mr. C. W. Norrid

Re: Whether or not the County
would be liable to the officers
of the county court for costs
in proceedings under Senate
Bill No. 44, Acts of the 48th
Legislature, Regular Session,
1943.

    Your letter of September 2, 1943, requesting the opinion of this department on the questions stated therein reads as follows:

    "After giving you the facts I desire your opinion on the question hereinafter propounded to you. Where a petition is prepared and filed in Juvenile Court by the County Attorney in his official capacity, alleging that a child is a male child over 10 and under 17 years of age, is a delinquent child said child having violated the laws of the State of Texas, such violations be specified in the petition. The petition requested that the case be filed in Juvenile court and that it be set down for a hearing. The child was apprehended by the Sheriff and the child's father was given legal notice.

    "The hearing was had before the county Judge, sitting as a Juvenile court; the child and the child's father appeared in person and took part in the hearing, the County Attorney appeared and presented the petition, evidence was heard. The Court found and declared that the child was and is a delinquent child under the law.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The Court further found that neither the
child nor his father had any money, means or
estate out of which to pay the cost of the
hearing; the child was paroled and committed
to his father.

"Motley County Texas, is on a fee basis,
but no fees or costs have been paid in this
case.

"Now on the above facts would the county
be liable to the officers of the court for
costs accrued in this cause? And for a
reasonable fee to the County Attorney?

Senate Bill No. 44, supra, contains no provision
for the payment of court costs or fees for officers who
render services in proceedings under said act.

Prior to the enactment of Senate Bill No. 44,
supra, this department had written several opinions
with reference to fees to officers in juvenile pro-
ceedings. We wish to quote from an opinion dated
October 7, 1932, by Honorable Bruce Bryant, First
Assistant Attorney General, to Mr. M. M. Alexander,
County Auditor, Henrietta, Texas:

"In reply, you are advised that the
Comptroller of Public Accounts has not for
a long time been allowing fees to district
clerks, sheriffs, county and district attorneys
for services rendered in felony cases when the
defendant was a juvenile. These officers
are entitled to certain fees for services
rendered in felony cases under certain con-
ditions. A felony case is one where the
defendant may be sent to the penitentiary.
Now a juvenile cannot be sent to the peni-
tentiary, even though he be found guilty of
committing acts which would constitute the
commission of a felony if he were not a
juvenile.

"It is for these reasons that the officers
mentioned in your letter cannot receive compensa-
tion from the State for their respective services
in a case of this character, because as heretofore
stated the State only pays such officers where the
defendant is charged with or convicted of a felony.
This frequently works an undue hardship upon these
officers, especially sheriffs and district clerks,
especially where the indictment does not allege
that the defendant is, if a male, under the age of
seventeen years, or, if a female, under the age of
eighteen years. However, this is a matter for the
legislature. It is elementary that where the
statute prescribes duties to be performed by a
public officer and provides no compensation for
the performance of that duty, that the officer
cannot collect a fee for the performance of said
duty." (Underscoring ours).

Your attention is also called to an opinion
dated October 19, 1936, by Honorable Scott Gaines,
First Assistant Attorney General, to Honorable Eugene
J. Wilson, County Attorney, Bay City, Texas, in which
he holds that no fees are allowed officers for their
services under the statutes of this State in juvenile
cases tried and disposed of in the county court, except
the fee and expenses allowed the Sheriff for conveying
a juvenile to the institution to which he has been
committed.

The foregoing opinions of this department
are not applicable to the question under consideration.
However, your attention has been directed to them for
the purpose of showing that in the past the statutes
regarding juvenile proceedings provided no fees for
officers rendering services in such proceedings except
the fee and expenses allowed the sheriff for conveying
a juvenile to the institution to which he has been
committed. As above stated Senate Bill No. 44, supra,
contains no provisions providing for the payment of
court costs or fees to officers rendering services in
proceedings under said act.

It is stated in Texas Jurisprudence, Vol. 34, page 508:

"Statutes prescribing fees for public officers are strictly construed; and hence a right to fees may not rest in implication. Where this right is left to construction, the language of the law must be construed in favor of the government. Where a statute is capable of two constructions, one of which would give an officer compensation for his services in addition to his salary and the other not, the latter construction should be adopted. It is no concern of an officer that the Legislature may have been toward other officers more liberal than toward him in the matter of compensation for services; nor does this fact justify the courts in upholding his claim for compensation for services as against a fair and reasonable interpretation of the statute. In applying these statutes and ascertaining the intent of the Legislature in the meaning of the statute, the usual methods and rules of interpretation are applicable."

It is further stated in Texas Jurisprudence Vol. 34, p. 511:

"An officer may not claim or reach any money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled."

The County Officials of Motley County are compensated on a fee basis. Therefore, it is apparent that any court cost accruing in proceedings under Senate Bill No. 44, supra, would be fees for compensating the various officers for services performed in such proceedings. As said Senate Bill No. 44, supra, or any other statute that we have been able to find does not provide any fees for the various county officers for rendering the above mentioned services in proceedings under said Senate Bill No. 44, it is our opinion that the County is not liable for any cost in such proceedings or liable

Honorable Howard Trawick    page 5

for any compensation to the County Attorney for performing any services under the act. Therefore, the questions asked in your inquiry, as noted above, are respectfully answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Ardell Williams
Assistant

AW:nd

APPROVED SEP 17, 1945

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
Burt
CHAIRMAN